William J. BATTEN and Katie M. Batten, his wife; Donald G. Becker and Opal M. Becker, his wife; Benjamin Hall Brodnax and Mary Joy Brodnax, his wife; Don T. Campbell and Leta Mae Campbell, his wife; Orval R. Coombs and Anita M. Coombs, his wife; Ernest S. Horton and Margaret U. A. Horton, his wife; Ivan F. Huhs and Bernadine M. Huhs, his wife; Thomas N. Lee and Gladys M. Lee, his wife; Clyde A. Lewis and Dorothy L. Lewis, his wife; Edward Dale Moore and Faye L. Moore, his wife; Dennie D. Smith and Nellie R. Smith, his wife; John W. Stephens and Vada Stephens, his wife; John W. Tothill and Glee I. Tothill, his wife; and Ralph C. Weed and Mary T. Weed, his wife, Appellants,

v.

UNITED STATES of America, Appellee.

No. 6684.

United States Court of Appeals Tenth Circuit.

June 20, 1961.

Harvey D. Ashworth and Raymond L. Spring, Topeka, Kan. (A. Harry Crane, Ward D. Martin, and Arthur L. Claussen, Topeka, Kan., on brief), for appellants.

Roger P. Marquis, Washington, D. C. (Ramsey Clark, Dallas, Tex., and Newell A. George, Kansas City, Kan., on brief), for appellee.

Before MURRAH, Chief Judge, and BRATTON and BREITENSTEIN, Circuit Judges.

PER CURIAM.

The appellants in this appeal are owners of residential property adjacent to the ramps and warm-up pads where military jet aircraft regularly warm up, take off and land, at Forbes Airforce Base near Topeka, Kansas. They brought this class action under the Tucker Act (28 U.S.C.A. § 1346(a) (2) ), claiming that the aircraft, while landing, taking off and warming up, "and particularly while advancing the engines to near maximum power on the said warm-up pad area, cause to be heard and felt terrific and overwhelming vibrations and sound waves, directed and transmitted from the said engines over, across, against and upon the properties owned by plaintiffs; that there is also emitted from the said engines exhaust fumes and heavy black smoke which are directed and transmitted over, across, against and upon the properties * * * at all hours of the day and night, and at all times during the week" to the permanent injury and damage to their property. It was alleged that the United States had thus created a servitude upon the property of the plaintiffs amounting to a constitutional taking for which just compensation is due.

The trial court reserved ruling on the Government's motion to dismiss for failure to state a claim, and also the motion to dismiss and for a directed verdict at the conclusion of the plaintiffs' case. At the conclusion of the entire case, the court announced that it would first consider and determine the legal question presented by the motions to dismiss and for a directed verdict. The court finally concluded to sustain the motion to dismiss for failure to state a claim. It then proceeded to find and adopt the facts as set forth in the claims, and concluded that operation of the jet planes at the Airbase "constitute a grave nuisance to the plaintiffs which result in a substantial diminution in the value of their property, but such operations constitute a legalized nuisance—one which the government is authorized to maintain and for which recovery may not be had under the Tucker Act." Judgment was entered accordingly.

The property owners have appealed, contending that their injuries come within the rationale of United States v. Causby, 328 U.S. 256, 66 S.Ct. 1062, 90 L.Ed. 1206. Ordinarily, we should be readily disposed to decide the legal question on the stated facts. But the United States, while having moved for judgment on the stated claim, and the plaintiffs' case, now, apparently for the first time, argues for a remand of the case for the purpose of securing findings of fact and conclusions of law based upon the record facts. The argument is to the effect that new and far-reaching constitutional questions like this should not be made to turn upon what is merely claimed, but rather what is proven, as a basis for the judgment of the court.

We agree that the case does present a vastly important question whether the acts complained of amount to a constitutional taking within the meaning of the Fifth Amendment. And, we also agree that the question ought to be resolved on the established facts. In these circum-

stances, the court is disinclined to make disposition of the case on the bare averments of the complaint.

The judgment is accordingly vacated and the case is remanded to the trial court for entry of a judgment based upon the record facts.